SIMONS (ALLEN v.). See Case No. 237.

SIMONS (HAMILTON v.). See Case No. 5,991.

SIMONS (UNITED STATES v.). See Case No. 16,291.

SIMONTON (BARRELL v.). See Cases Nos. 1,041 and 1,042.

---

### Case No. 12,877.

SIMONTON v. BOUCHER et al.

[2 Wash. C. C. 473.] [1]

Circuit Court, D. Pennsylvania. Jan. Term, 1811.

PRINCIPAL AND SURETY — EVIDENCE — AWARD — BOOK ENTRIES—PARTNERSHIP.

1. S. and B. entered into a partnership, and it was agreed that the separate debts of B.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

should be assumed by the firm; and a bond was given by B. with sureties, to indemnify S. against loss by the said assumption.

2. In an action against the sureties by S., after the dissolution, an award given in favour of S., in a reference entered into between S. and B.; the award having been founded on the acknowledgments of B., and not confined to the assumed debts, cannot be given in evidence.

3. Entries made by S. or B. in the partnership books, after the dissolution, cannot be given in evidence against the sureties, but evidence of the confessions of B. may be given.

[Cited in Garland v. Agee, 7 Leigh, 364.]

4. Entries made after the dissolution, may be given in evidence against the party who made them.

Upon the formation of a partnership between Simonton & Boucher, in 1801, Simonton agreed that the separate debts of Boucher, then due by him, should be assumed and paid by the house of Simonton & Boucher; and for securing Simonton for such payments, a bond was executed by the defendants, in which Boucher was bound for the whole of such payments, and Smith and Wood, as his sureties, for one-half. After the dissolution of the partnership, Simonton & Boucher bound themselves to submit their accounts to arbitration, and an award was made, finding a balance due from Boucher to Simonton, of upwards of six thousand dollars. This award is founded on the acknowledgments of Boucher, and a view of the partnership books, but appears not to be confined altogether to the assumed debts, and is only made upon part of the accounts. This action is brought on the bond given by Boucher, Smith, and Wood. Smith and Wood were no parties to the submission, and did not attend the referees.

The plaintiff [assignee of Simonton] offered the award in evidence, and also the accounts annexed to it, and evidence of the confessions of Boucher, which were objected to.

BY THE COURT. The award cannot be read, either as prima facie, or as conclusive evidence in this action. But evidence of the confessions of Boucher may be given.

THE COURT also decided that entries made by Simonton or Boucher, made in the partnership books after the dissolution, might be given in evidence against the party who made them, but not otherwise.

---

SIMONTON (JACKSON v.). See Cases Nos. 7,146 and 7,147.

SIMONTON (RUGGLES v.). See Case No. 12,120.

SIMONTON (WINTER v.). See Cases Nos. 17,892–17,894.

SIMOON, The (REYNOLDS v.). See Case No. 11,733.